IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-343-BO

GUADALUPE VALLEJO, )
 )
 Plaintiff, )
 )
 v. ) **ORDER**
 )
ALAN VESTER AUTO GROUP, INC., )
UNIVERSAL UNDERWRITERS )
INSURANCE COMPANY, and ALAN )
VESTER )
 )
 Defendants. )

This matter is before the Court on Plaintiff Guadalupe Vallejo's Motion to Compel [DE-42], and Motion for Extension of Time to Conduct Discovery [DE-46]. In addition, Defendants Alan Vester Auto Group, Inc., Universal Underwriters Insurance Company, and Alan Vester have filed a Motion for Protective Order. [DE-44]. The parties have responded [DE 51, 50 & 48]. Accordingly, these matters are ripe for adjudication.

## STATEMENT OF THE CASE

Plaintiff purchased a 2004 Ford automobile from Defendant Alan Vester Auto Group, Inc. ("AVAG") in September 2004. Plaintiff alleges that AVAG misrepresented the down payment amount necessary to purchase the Ford and sold the vehicle at an inflated price on financing terms he could not afford, among other allegations.

## DISCUSSION

A. Motion for Protective Order [DE-44]

Defendants filed a Motion for a Protective Order for the purpose of limiting the information that it must turn over to Plaintiff. Specifically, Defendants contend that Plaintiff seeks to depose Defendants on confidential issues such as business practices and personal financial information, thus requiring a protective order. Plaintiff contends that Defendants' proposed protective order would "allow Defendants to designate all discovery confidential in a blanket manner and keep all documents and testimony under seal." Mot. Comp. at 1-2, [DE-43].

Defendants assert that Plaintiffs seek to depose Defendants regarding proprietary or confidential business information. Specifically, Defendants claim that the following requests are confidential:

> (1) Inquiry into the use of the computer system and the information that is input into the system at Alan Vester Auto Group, Inc.;
>
> (2) Inquiry into the procedures used by the Vester Dealership to obtain and/or assist customers in obtaining financing for automobiles;
>
> (3) Inquiry into the accounting practices at the Alan Vester Auto Group, Inc., including but not limited to customer paid down payments, rebates or CFA's;
>
> (4) Inquiry into how CFA's are accounted for on wash out sheets and elsewhere in the Alan Vester Auto Group, Inc.'s computer accounting systems;
>
> (5) Inquiry into the purpose, use and development of wash out sheets including but not limited to the meaning of different entries on the sheets and how such entries are entered into the Alan Vester Auto Group, Inc.'s computer and accounting systems;
>
> (6) Inquiry into the purpose, use, and development of cover sheets including but not limited to the meaning of different entries on the sheets and how such entries are entered into the Alan Vester Auto Group, Inc.'s computer and accounting systems;
>
> (7) Inquiry into the sale and sales procedure for the car sold to Mr. Vallejo;
>
> (8) Inquiry into the process by which documents associated with a particular deal at Alan Vester Auto Group, Inc., are processed, retained and/or reviewed;
>
> (9) Inquiry into the management of the Alan Vester Auto Group, Inc.; and

(10) Information regarding Defendant Alan Vester's personal finances.

Mot. Prot. Order at 5, [DE-45].

Under Rule 26(c) of the Federal Rules of Civil Procedure, a court may enter a protective order upon motion of a party or persons from whom discovery is sought. In order to obtain a protective order, the party requesting the protective order must show good cause. Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 412 (M.D.N.C. 1991). The request for a protective order must be based on a specific demonstration of facts rather than speculative statements about the need for a protective order and generalized claims of harm. Gulf Oil v. Bernard, 452 U.S. 89, 102 n. 16 (1981). "This requirement furthers the goal that the court grant as narrow a protective order as is necessary under the facts." Brittain, 136 F.R.D. at 412.

Clearly, a blanket protective order covering all discovery is inappropriate in this case. Nonetheless, Defendants do have an interest in keeping their proprietary business practices confidential. Defendants note that they have sought protective orders for this type of information in the past suits, very few people are privy to the information, and that the business of AVAG could suffer if competitors learned its business practices. See Brittain, 136 F.R.D. at 415 (noting that courts should consider "the nature of the information, the measures taken to protect its secrecy . . . the extent of knowledge of the information by both outsiders and insiders . . .," the need for the protective order and the harm that would result).

Accordingly, it is **ORDERED** that categories 1-6, 8 and 10, above, are deemed confidential and shall fall within the purview of the protective order. However, category 7, which includes information regarding the sales and procedures for the car sold to Plaintiff is not to be covered by the protective order, with the exception of the washout sheet, the

bill of sale, and the retail installment contract that is the subject of the motion to compel. Defendants do not have to worry about disclosing information regarding a customer who has not given consent. Moreover, the information regarding Plaintiff's individual purchase of a car does not involve wide-ranging issues regarding AVAG's business practices. In addition, the court does not believe that information regarding the management of the Alan Vester Auto Group, Inc. constitutes proprietary business information, and therefore is not covered by the protective order. General information regarding management setup is not the type of business information, such as sales and accounting practices, that could potentially cause harm if obtained by competitors. Brittain, 136 F.R.D. at 415

B.   Motion to Compel DE-42]

Plaintiff filed a motion to compel in order to obtain his "complete deal file" from Defendants, which Defendants were refusing to produce until Plaintiff signed a protective order. Defendants produced the entire deal file for a September 2, 2008 deposition of AVAG. Because the entire deal file has been produced, the motion to compel is now moot. However, there are three documents: (1) the washout sheet, (2) the bill of sale between AVAG and Alan Vester Auto Mart, and (3) the retail installment contract purchasing notification, that Defendants contend should be covered by a protective order, and are in Plaintiff's deal file.

The "washout sheet" is an internal document that is used to record the cost to the dealer for selling the vehicle and AVAG's gross and net profits on the vehicle sale as well as the salesperson's commission on the sale. This document deals with vehicle costs, commissions and profits, which is business information and should be covered by the protective order.

The "bill of sale" is an internal document that sets forth the cost that AVAG paid to

4
Case 5:07-cv-00343-BO   Document 54   Filed 10/16/08   Page 4 of 6

Alan Vester Auto Mart for the 2004 Ford that Plaintiff purchased. It is not the bill of sale from AVAG to Plaintiff. Accordingly, the document at issue is a contract between two dealerships, and provides information about how AVAG values its inventory and marks up inventory for sale to the public. As such it includes confidential business information and should be covered by the protective order.

Finally, the "retail installment contract purchasing notification" sets forth AVAG's agreement with Drive Financial, a third-party, regarding the terms upon which AVAG was able to secure financing for Plaintiff's vehicle. This document provides information regarding charges that AVAG pays to Drive Financial and what Drive Financial charges dealers to finance purchases; as such, the information is confidential business information and should be covered by the protective order.

C. <u>Motion for Extension of Time to Complete Discovery [DE-46]</u>

Plaintiff also filed a motion for extension of time to complete discovery. Because Plaintiff filed the motion before the end of discovery, and because the order from this court was not forthcoming before the end of discovery, the court concludes that there is is good cause to grant the extension. The parties shall have 30 days from the date of this order to complete factual discovery.

**CONCLUSION**

For the foregoing reasons, Defendants' request for a protective order is **GRANTED** as to deposition categories 1-6, 8 and 10 described above. As for category 7, the information does not fall within the purview of a protective order except as to the washout sheet, the bill of sale, and the retail installment contract purchasing notification. In addition, category 9 is not covered by the protective order. Plaintiff's motion to compel is **DENIED as MOOT**. In addition, Plaintiff's motion for extension of time is **GRANTED**. The

5

parties shall be given 30 days from the date of this order to complete fact discovery.

This 16th day of October, 2008.

DAVID W. DANIEL
United States Magistrate Judge